IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY S. TIEN,

    Petitioner,

v.

D.K. SISTO, Warden,

    Respondent.

Case No. 2:07-cv-02436-VAP (HC)

**[Petition filed on November 13, 2007]**

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS FILED BY A STATE PRISONER**

### I. BACKGROUND

Petitioner Johnny S. Tien is a state prisoner proceeding in pro se in a habeas corpus action filed pursuant to 28 U.S.C. § 2254. The petition was filed on November 13, 2007 and Respondent filed an Answer on February 8, 2008. On January 5, 2009, the action was transferred to this Court pursuant to an Order of Designation of Judge to Serve in Another District within the Ninth Circuit.

For the reasons stated below, the Court DENIES the Petition.

**A. Statement of Facts**

Petitioner was convicted of attempted murder and sentenced to a ten year term of imprisonment on February 7, 2001. His petition does not challenge the propriety of his conviction or sentence, but rather a March 7, 2006 disciplinary action taken by authorities at the California State Prison, Solano.

On January 25, 2006, a cell occupied by Petitioner and another inmate was searched by a prison correctional officer. (Ans., Ex. 2 ("Rules Violation Report" or "CDC 115") at 1.) The officer found several items hidden inside a Sony alarm clock radio engraved as belonging to Tien, including $100 in currency, and 2 plastic "bindles" containing a green leafy substance. (Id.) A subsequent laboratory analysis determined that the substance was marijuana. (Id.)

On January 26, 2006, Tien signed a form indicating that he understood he was being charged with the unauthorized possession of a controlled substance, and that he was refusing to accept the results of a field test, and thus a hearing would be scheduled after a laboratory analysis was completed. (Ans., Ex. 3.) On that same day, he also signed an acknowledgment that he had been warned of his Miranda rights, and that he did

not wish to comment or answer any questions relating to the charges. (Ans., Ex. 4.)

The records of the Department of Corrections indicate that Petitioner was given a copy of a "Rules Violations Report," a "Toxicology Report," and an "Incident Report" on February 27, 2006. (Ans., Ex. 2 at 1.) Petitioner contends, though, that the Toxicology Report and Incident Reports he was given related to a different incident, involving an inmate named "Hunyh," and were dated October 2005. (Pet. at 3.) He has produced these Reports. (Pet., Ex. 2-D.)

A hearing was held on March 5, 2006, at which Petitioner maintained that he had purchased the radio from another inmate and later had it engraved with his name, but had no knowledge that there was any money or drugs inside the radio. (Ans., Ex. 2 at 2.) The hearing officer found that the evidence presented substantiated the charge of possession of a controlled substance by a preponderance of the evidence. (Id.) In addition to the physical evidence and the toxicology report, the hearing officer found Petitioner's explanation of his lack of knowledge of the contents of the radio not credible, as it was "unlikely that another [inmate] would have sold him a radio for $15.00 when there was [] $100.00 and drugs in it." (Id.) As a penalty for the violation, the

hearing officer sentenced Petitioner to a forfeiture of 130 days of work credit and a short-term loss of certain visiting and yard privileges, and imposed certain substance abuse-related conditions. (Id. at 3.)

A copy of an updated Rules Violation Report, reflecting the hearing officer's decision, was given to Petitioner on March 17, 2006. (Id. at 1, 2, 3.) Petitioner claims it was at this point that he first discovered that the Incident Report provided to him on February 27, 2006, before the hearing, related to inmate Huynh, and not him. (Pet. at 4, Ex. 2-F.) Petitioner also discovered that the "log number for the [Hyunh] crime incident report" had been "deliberate[ly] scratched out." (Pet. at 5.) He also noted a typo on page 2 of the Rules Violation Report, which referred to "(20 plastic bindles" as opposed to "(2) plastic bindles," as referenced elsewhere in the report, as well as discrepancies in the weight of the marijuana seized. (Pet. at 5, Ans. Ex. 2 at 1, 2.)

Petitioner sought a second level review, in which he raised the issue that he had been given the wrong Incident Report for the first time. (Pet. Ex. 2-F.) On April 17, 2006, the reviewer rejected Petitioner's request for review, noting:

> The appellant made no mention of his alleged issuance of the wrong CDC Form 837,

4

| | |
|---|---|
| 1 | Crime/Incident Report at his disciplinary |
| 2 | hearing. The appellant's central file reflects the correct CDC Form 837, Crime/Incident Report |
| 3 | was attached to the RVR filed in his central file. It is more likely, that the appellant |
| 4 | obtained another's CDC Form 837, Crime/Incident Report while out on the yard mingling with the |
| 5 | other inmates. It would have been incumbent upon the appellant to mention that he had the |
| 6 | wrong CDC Form 837, Crime/Incident Report and was therefore not ready to commence with his |
| 7 | hearing, but he did not make this claim. |

(Ans. Ex. 5; see also Pet. at 6.) Although the Second Level Appeal Response generally accurately describes Petitioner's offense as involving marijuana, at one point, the Response erroneously refers to heroin. (Pet., Ex. 2-G at 2.)

Petitioner then filed a Director's Level Appeal, which was denied on July 24, 2006. (Ans., Ex. 5.) See Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009) (discussing administrative appeal process). The Director noted that Petitioner "failed to delineate any infromation that should have been available to him but was not provided to him prior to his disciplinary hearing," and that the evidence before the hearing officer was sufficient to substantiate the charges against Petitioner to a preponderance of the evidence. (Id.)

5

**B. Procedural History**

After exhausting his administrative appeals, Petitioner filed a petition for writ of habeas corpus in the California Superior Court for Solano County on January 9, 2007, alleging that he was provided the incorrect incident report and thus denied due process. That petition was denied by a detailed written order on January 24, 2007. (Ans., Ex. 7, ("Super. Ct. Op.").)

Petitioner subsequently filed a habeas petition in the California Court of Appeal, First Appellate District, which was summarily denied on February 21, 2007. (Ans., Ex. 9.) On March 13, 2007, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on April 18, 2007. (Ans. Ex. 10.)

**C. Petitioner's Claim**

Petitioner filed this petition on November 13, 2007, and asserts that the disciplinary action taken against him violated his due process rights under the United States Constitution because he was provided with the incorrect Incident Report and Toxicology Report prior to his hearing.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of this Petition, as the Petition was filed after AEDPA's effective date. Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

When considering a properly exhausted claim under AEDPA, a federal court must defer to a state court's holding unless it "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or if the state court decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Smith v. Curry, 580 F.3d 1071, 1079 (9th Cir. 2009), quoting 28 U.S.C. §§ 2254(d)(1)-(2).

"Clearly established Federal law" is defined as "the governing legal principle or principles set forth by the Supreme Court at the time the state

court renders its decision." <u>Curry</u>, quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72 (2003). "[I]t is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." <u>Knowles v. Mirzayance</u>, --- U.S. ---, 129 S. Ct. 1411, 1419 (2009). However, "the Supreme Court need not have addressed an identical fact pattern to qualify as clearly established law, as 'even a general standard may be applied in an unreasonable manner.'" <u>Jones v. Ryan</u>, 583 F.3d 626, 635 (9th Cir. 2009), <u>quoting</u> <u>Panetti v. Quarterman</u>, 551 U.S. 930, 953 (2007).

### III. DISCUSSION

The Supreme Court has held that inmates are entitled to procedural due process protections in disciplinary hearings that could result in the forfeiture of an inmate's good-time credits. <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), discussed in <u>Neal v. Shimoda</u>, 131 F.3d 818, 830 (9th Cir. 1997). These minimum requirements include "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." <u>Wolff</u>, 418 U.S. at 563, <u>quoted in</u> <u>Neal</u>, 131 F.3d at 830.

Applying this standard, the Superior Court rejected Petitioner's argument that the provision of an incorrect incident report violated due process on two alternate grounds.[1]  The Superior Court noted that, even if as Petitioner alleges, he was given the incorrect "Incident Report" and "Rules Violation Report," it is undisputed that he was given the correct "Rules Violation Report" prior to his hearing.  The Rules Violation Report contained the full statement of the correctional officer who searched Petitioner's cell and discovered the contraband, discussed the toxicology report identifying the discovered substance to be marijuana, and provided a chain of custody for all physical evidence.  (Super. Ct. Op. at 2.)

The purpose of the advance written noptice requirement is to " inform [a prisoner] of the charges and to enable him to marshal the facts and prepare a defense."  <u>Wolff</u>, 418 U.S. 539 at 564.  The detailed Rules Violation Report clearly achieved this goal here, as Petitioner directly addressed the charges against him and offered an explanation as to how he came into possession of the contraband.

---

[1] "When reviewing a state court's summary denial of a habeas petition, we "look through" the summary disposition to the last reasoned state court decision." <u>Richter v. Hickman</u>, 578 F.3d 944, 951 (9th Cir. 2009).

9

Although the hearing officer found Petitioner's explanation not credible, that this explanation was offered shows that Petitioner was on notice of the charges against him. Thus, the Superior Court's determination that the Rules Violation Report independently met the Wolff standard was not an unreasonable application of clearly established law.

As an alternative basis for rejecting the petition, the Superior Court also determined that Petitioner failed to demonstrate any prejudice resulting from receiving the wrong report. (Super. Ct. Op. at 2, citing Chapman v. California, 386 U.S. 18, 24 (1967).) If Petitioner's version of events are to be believed, he did not even review the incident and toxicology reports he was given prior to the hearing. The Hyunh Reports clearly state the name "Hyunh" in over a dozen places, and each page is dated months prior to Petitioner's infraction. Even if Petitioner was denied access to the correct reports, though, there is no indication that the correct incident and toxicology reports were exculpatory in any way, nor that they contained materially different information from the Rules Violation Report. The Superior Court's determination

that the production of different documents would not "have led to a more favorable outcome at the disciplinary hearing," Super. Ct. Op. at 2-3, is thus not objectively unreasonable. While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding. See, e.g., Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5 (E.D. Cal. Dec. 22, 2008); Gonzalez v. Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D. Cal. Oct. 15, 2008). Thus the Superior Court's determination that Petitioner's claim fails due to his failure to demonstrate prejudice was not an unreasonable application of clearly-established federal law.

**IV. CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED.

Dated: March 25, 2010

VIRGINIA A. PHILLIPS
United States District Judge

12